UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>    Plaintiff,<br><br>v.<br><br>MEKIASH BUYARD,<br><br>    Defendant. | Case No. 1:19-cv-00235-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>ORDER DIRECTING CLERK OF THE COURT TO FILE THE LODGED THIRD AMENDED COMPLAINT<br><br>(ECF No. 13)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

    Plaintiff, Kyle Petersen, is proceeding *pro se* and *in forma pauperis* in this civil rights action, filed pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on February 19, 2019, with the filing of a Complaint. (ECF No. 1.) Plaintiff subsequently filed a First Amended Complaint on March 14, 2019. (ECF No. 8.) The Court struck the First Amended Complaint because it was not signed by Plaintiff, and instructed Plaintiff to file an amended complaint bearing his signature. (ECF No. 9.) On April 1, 2019, Plaintiff filed a Second Amended Complaint (ECF No. 10), and on September 9, 2019, Plaintiff lodged a Third Amended Complaint (ECF No. 13). The Third Amended Complaint ("TAC") brings claims against Mekisha Roberson-Buyard, a California Department of Correction and Rehabilitation ("CDCR") Parole Agent. The Court has screened the TAC and has determined that Plaintiff fails to state any cognizable claim.

# I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, or seeks relief only against a defendant who is immune, it must be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally

construed after *Iqbal*).

## II. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533

F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### III. FACTUAL ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

On April 1, 2017, Plaintiff was released from prison to a parole term of three years. (ECF No. 13 at 6.) As a condition of parole, Plaintiff was required to comply with certain terms and conditions. One of those parole conditions was a warrantless search condition, which provided:

> You, your residence, and any property under your control are subject to search and seizure by a probation officer, an agent or officer of the California Department of Corrections and Rehabilitation, or any other peace officer at any time of the day or night, with or without a warrant with or without cause.

(ECF No. 13 at 3, 6.)

Plaintiff was also subject to over seventy special conditions of parole, including special condition 090, which provided:

> You shall consent to announced or unannounced search and/or examination of any electronic devices to which you have access for the limited purpose of detecting content prohibited by your conditions of parole or the law.

(*Id.* at 6.)

Additional terms and conditions of Plaintiff's parole included that Plaintiff "shall not use or possess cameras, cell phones that include a camera, video cameras, or photography equipment of any kind"; and "shall not use or access social media sites, social networking sites, peer-to-peer networks, or computer or cellular instant message systems; e.g., Facebook, Instagram, Twitter, Snapchat, Lync, Gmail, Yahoo KIK Messenger, Tumblr, etc. This would include any site which allows the user to have the ability to navigate the internet undetected." *See United States v. Peterson*, Case No. 17-cr-00255-LJO-SKO ("Criminal Case"), Motion to Suppress filed October 8, 2018 (Criminal Case ECF No. 24 at 4 and 24-1 at 6).[1]

---

[1] The Court may take judicial notice of its own records in other cases, *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). The Court takes judicial notice of *United States v. Peterson*, No. 1:17-cr-00255-LJO-

Defendant, Mekisha Roberson-Buyard, was Plaintiff's parole agent. During parole searches of Plaintiff, Defendant seized a series of cell phones from Plaintiff and searched those cell phones for contraband. During these searches, Defendant also accessed various social media and dating apps that were on the cell phones. It is Defendant's accessing of social media and dating apps that Plaintiff challenges as violating his Fourth Amendment right against unreasonable searches.

### A. May 23, 2017, Parole Search of Unimax Cell Phone

On May 23, 2017, while Plaintiff was on parole, Defendant conducted a parole search of Plaintiff's residence in accordance with the warrantless search condition of Plaintiff's parole. (ECF No. 13 at 3.) While searching Plaintiff's room, Defendant located Plaintiff's Unimax cell phone. Plaintiff admits that he was not allowed to possess this cell phone. (*Id.*) The Unimax was on, was not password protected, and was displaying an open internet browser. Defendant searched the Unimax for any contraband that was prohibited by law or that violated any conditions of Plaintiff's parole. During the search, Defendant accessed several social media and dating apps that were on the Unimax, including Facebook, Instagram, and Plenty of Fish. (*Id*.) None of these apps were open on the screen of the Unimax when Defendant started the search, and Defendant had to access each of these apps separately. Defendant allegedly located contraband on the Unimax. (*Id.* at 7.) Defendant took Plaintiff into custody and booked him into the Kern County Jail on a California Penal Code § 3056 parole hold. On June 1, 2017, Plaintiff's parole was formally revoked in relation to the May 23, 2017, seizure and parole search of the Unimax. (*See* Criminal Case ECF No. 24 at 4).

### B. July 6, 2017, Parole Search of LG Cell Phone

On July 6, 2017, while Plaintiff was on parole, Defendant conducted a parole search of Plaintiff in accordance with Plaintiff's warrantless search condition of parole. While searching Plaintiff, Defendant found Plaintiff's LG cell phone. Plaintiff admits he was not supposed to have this cell phone. (ECF No. 13 at 3.) The LG was on and was not password protected.

---

SKO, a federal criminal case that arose out of the seizure and parole searches of two of the cell phones at issue in the present case—the Unimax cell phone searched on May 23 and the LG cell phone searched on July 6.

Defendant searched the LG for any contraband that was prohibited by law or that violated any conditions of Plaintiff's parole. During the search, Defendant accessed several social media and dating apps that were on the LG, including Facebook, Instagram, and Plenty of Fish. Each of these apps had to be accessed separately. (*Id.*) Defendant allegedly located contraband on the LG. (*Id.* at 7.) Defendant took Plaintiff into custody and booked him into the Kern County Jail on a California Penal Code § 3056 parole hold. On July 14, 2017, Plaintiff's parole was formally revoked in relation to the July 6, 2017, seizure and parole search of the LG. (Criminal Case ECF No. 24 at 4.)

### C. July 17 through September 23, 2017, Parole Searches of Other Cell Phones

Between July 17, 2017, and September 23, 2017, while Plaintiff was on parole, Defendant confiscated four or five cell phones (the "Other cell phones") that were found in Plaintiff's possession. (ECF No. 13 at 4.) Plaintiff admits he was not supposed to possess any cell phone. (ECF No. 13 at 4, 7.) The Other cell phones were on and were not password protected. Defendant searched the Other cell phones for any contraband that was prohibited by law or that violated any conditions of Plaintiff's parole. During the search, Defendant accessed several social media and dating apps that were on the Other cell phones, including Facebook, Instagram, and Plenty of Fish. Each of the apps had to be accessed separately. (*Id.*) Because Plaintiff was not supposed to have cellular phones, Defendant took Plaintiff into custody and booked him into the Kern County Jail on a California Penal Code § 3056 parole hold. Plaintiff does not allege facts in the TAC addressing whether his parole was formally revoked in relation to the seizure and search of the Other cell phones. However, in a related *Bivens* case filed in this Court, Plaintiff alleges that his parole was formally revoked in relation to the seizure of cell phones in his possession during the period of July 17 through September 23, 2017. *See Petersen v. Sims*, Case No. 19-cv-00138-DAD-EPG (the *Bivens* case) (alleging in third amended complaint, found at ECF Nos. 9 and 13, that Plaintiff's parole was revoked in relation to the cell phones seized from his possession between July 17, 2017, and September 23, 2017).[2]

---

[2] The Court takes judicial notice of *Petersen v. Sims*, Case No. 19-cv-00138-DAD-EPG (the *Bivens* case). *See Wilson*, 631 F.2d at 119.

### D. Federal Criminal Proceedings

On November 2, 2017, Plaintiff was indicted on federal child pornography charges in connection with the evidence seized from the Unimax and LG cell phones during the May 23 and July 6 parole searches. Plaintiff was arrested on those charges on November 13, 2017. (Criminal Case, ECF No. 7.) On March 4, 2019, Plaintiff, represented by counsel, filed a motion to suppress the evidence obtained during Defendant's May 23 and July 6 parole searches of the Unimax and LG cell phones. (Criminal Case, ECF No. 38.) Plaintiff argued in the motion that his parole officer's searches of the Unimax and LG, and evidence obtained during those searches, violated Plaintiff's rights under the Fourth Amendment. (*Id.*)

The District Court denied the motion to suppress, holding that the terms and conditions of parole fully authorized the searches conducted by the parole officer, and that the parole officer was fully authorized to seize and analyze the contents of the Unimax and LG cell phones. (Criminal Case ECF No. 49 at 19 (oral ruling of district court, denying motion to suppress and adopting portions of the government's opposition to the motion to suppress, located at Criminal Case ECF No. 41.) Plaintiff pled guilty in the federal criminal case, reserving the right to appeal the motion to suppress. (Criminal Case ECF No. 50 at 3.) Plaintiff's guilty plea was accepted, and he was convicted and sentenced. (Criminal Case ECF Nos. 59, 67.) Plaintiff's appeal of the denial of the motion to suppress is currently pending before the Ninth Circuit. (*See, e.g.,* Criminal Case ECF Nos. 68, 69.)

## IV. APPLICATION OF *HECK v. HUMPHREY* TO PLAINTIFF'S COMPLAINT

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a § 1983 plaintiff seeking to bring a claim for damages which, if successful, would necessarily imply the invalidity of his conviction or sentence must first demonstrate that the conviction or sentence was reversed, expunged, or otherwise invalidated. *Id.* at 486-87; *see Muhammad v. Close*, 540 U.S. 749, 750-51 (2004) (claims which, if successful, would necessarily imply the invalidity of a conviction or sentence must be brought by way of a petition for writ of habeas corpus).

Here, as noted previously, Plaintiff's motion to suppress the evidence seized from the Unimax and LG cell phones during the parole searches was denied in the Criminal Case, and

Plaintiff pled guilty and was convicted in the Criminal Case conditioned on his right to appeal the suppression issue. If Plaintiff were to be successful in the present § 1983 action challenging the constitutionality of the parole searches of the Unimax and LG cell phones, that success would necessarily imply the invalidity of Plaintiff's conviction in the Criminal Case. Thus, Plaintiff's claims in this § 1983 action related to the parole searches of the Unimax and LG cell phones are barred by *Heck* as a result of Plaintiff's convictions in the Criminal Case. *See* 512 U.S. at 486-87.[3]

      Additionally, Plaintiff's parole was formally revoked based on the May 23, July 6, and July 17 through September 23 parole searches of the Unimax, LG, and Other cell phones, and Plaintiff has not alleged that his parole violation convictions have been overturned or otherwise favorably terminated in Plaintiff's favor. (*See* ECF No. 13; *Bivens* Case ECF Nos. 9, 13.) If Plaintiff were to be successful in the present § 1983 action challenging the constitutionality of the same searches that underlie the parole violation convictions, that success would necessarily imply the invalidity of those convictions. Plaintiff's claims in this § 1983 action are accordingly also *Heck*-barred as a result of the parole violation convictions. *See Heck*, 512 U.S. at 486-87 (where success in § 1983 action would necessarily implicate the validity of the plaintiff's conviction or the duration of his sentence, the plaintiff must first achieve favorable termination of his underlying conviction or sentence); *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (assuming, without deciding, that *Heck* applies to parole revocation); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement"; it is a collateral attack on denial of parole and subsequent incarceration, and is therefore barred by *Heck* in a § 1983 proceeding); *Maes v. Board of Prison Terms*, 2006 WL

---

[3] Plaintiff is appealing the denial of his motion to suppress the evidence seized from the Unimax and LG cell phones during the parole searches. If Plaintiff prevails on his appeal, and his conviction is overturned or otherwise favorably terminated in his favor, Plaintiff would generally be able to pursue, at that time, a § 1983 action challenging the constitutionality of the parole searches. *See McDonough v. Smith*, 139 S. Ct. 2149 , (2019) ("Only once the criminal proceeding has ended in the [prisoner's] favor, or a resulting conviction has been invalidated within the meaning of *Heck*, see 512 U.S. at 486-87, 114 S. Ct. 2364, will the statute of limitations begin to run."). However, as discussed next, Plaintiff's claims are also *Heck*-barred as a result of his parole violation convictions.

733472, at *2 (N.D. Cal. 2006) (applying *Heck* to claim that plaintiff was coerced to admit parole violation); *Sexual Sin De Un Abdul Blue v. City of Los Angeles*, 2010 WL 890172, at *7 (C.D. Cal. Mar. 8, 2010) ("[A] successful showing that Officer Craig fabricated evidence and gave false testimony in order to convict plaintiff would necessarily imply the invalidity of plaintiff's conviction of a parole violation. Accordingly, plaintiff's claim is barred by *Heck* and must be dismissed.").

In sum, Plaintiff's claims related to the parole search of the Unimax and LG cell phones are *Heck*-barred as a result of both the Criminal Case conviction and the parole violation convictions. Plaintiff's claim related to the parole search of the Other cell phones is *Heck*-barred as a result of the parole violation convictions.

## V.    FOURTH AMENDMENT

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness,'" and thus, "[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Riley v. California*, 573 U.S. 373, 381-82 (2014) (second alteration in original) (internal quotation marks and citations omitted). "In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Id.* at 382.

In *Riley*, the Supreme Court held that a warrant is generally required to search a cell phone seized incident to arrest.[4] 573 U.S. at 401, 403. In so holding, the Supreme Court

---

[4] *Riley* noted, however, that "even though the search incident to arrest exception does not apply to cell phones, other case-specific exceptions may still justify a warrantless search of a particular phone." 573 U.S. at 401–02. *Riley* specifically discussed the availability of the exigent circumstances exception, which provides that a warrantless search may be justified by "[s]uch exigencies [as] the need to prevent the imminent destruction of evidence in individual cases, to pursue a fleeing suspect, and to assist persons who are seriously injured or are threatened with imminent injury." *Id.* at 402.

recognized that modern cell phones are "a pervasive and insistent part of daily life" with "vast quantities of personal information" that "hold for many Americans 'the privacies of life.'" *Id.* at 385, 386, 403 (quoting *Boyd v. United States*, 116 U.S. 616, 630 (1886)). "The fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought." *Riley*, 573 U.S. at 403.

The Ninth Circuit has held that the reasoning in *Riley* applies to warrantless, suspicionless searches of probationers' cell phones, *United States v. Lara*, 815 F.3d 605, 612 (9th Cir. 2016), but has declined to extend *Riley* to parolees, *United States v. Johnson*, 875 F.3d 1265, 1273-76 (9th Cir. 2017).

In declining to extend *Riley* to parolees, the Ninth Circuit explained that "status as a parolee significantly diminishes one's privacy interests as compared to the average citizen." *Johnson*, 875 F.3d at 1273. "'[P]arole is an established variation on imprisonment of convicted criminals' and granted only 'on the condition that the prisoner abide by certain rules during the balance of the sentence.' Parolees are thus subject to various state-imposed intrusions on their privacy, including mandatory drug tests, meetings with parole officers, and travel restrictions." *Id.* (quoting *Samson v. California*, 547 U.S. 843, 850, 851 (2006)). "California law also specifically provides that all parolees shall be 'subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause.'" *Johnson*, 875 F.3d at 1274. Thus, despite the importance of cell phone privacy, and the amount and character of data that can be contained in or accessed through it, "and the corresponding intrusiveness of a cell phone search," a warrantless search of a parolee's cell phone pursuant to applicable state law is not unreasonable and does not violate the Fourth Amendment. *See id.* at 1274-75.

As *Johnson* noted, under California law, a parolee is "subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause." Cal. Penal Code § 3067(b)(3). Here, Plaintiff was specifically informed that he and any property under his control "are subject to search and

seizure by a probation officer . . . at any time . . . with or without a warrant with or without cause." (ECF No. 13 at 6.) The terms and conditions of Plaintiff's parole also required Plaintiff to consent to the "search and/or examination of any electronics devices to which" Plaintiff had access "for the limited purpose of detecting content prohibited by the conditions of [his] parole or the law." (*Id.*) The terms and conditions provided that Plaintiff "shall not use or possess cameras, cell phones that include a camera, video cameras, or photography equipment of any kind"; and "shall not use or access social media sites, social networking sites, peer-to-peer networks, or computer or cellular instant message systems; e.g., Facebook, Instagram, Twitter, Snapchat, Lync, Gmail, Yahoo KIK Messenger, Tumblr, etc. This would include any site which allows the user to have the ability to navigate the internet undetected." (Criminal Case ECF No. 24-1 at 6).

The seizures and searches of Plaintiff's cell phones fall within the terms and conditions of Plaintiff's parole. Specifically, Plaintiff has admitted that he was not allowed to possess the cell phones at issue in this case, that he was found in possession of the cell phones, and that the cell phones were seized and subjected to parole searches by Defendant, Plaintiff's parole officer, on May 23, July 6, and July 17 through September 23, 2017. Plaintiff was also prohibited by the terms and conditions of his parole from accessing social media sites, social networking sites, peer-to-peer networks, or computer or cellular messaging systems. Thus, Defendant's parole searches of the cell phones, and accessing and searching of social media, social networking, peer-to-peer networks, and messaging system apps on the cell phones during the parole searches fall within the terms and conditions of Plaintiff's parole. Accordingly, even if Plaintiff's claims were not *Heck*-barred, the TAC does not state a cognizable claim for violation of the Fourth Amendment.

## VI. DISMISSAL RECOMMENDED WITHOUT LEAVE TO AMEND

If the Court finds that a complaint should be dismissed for failure to state a cognizable claim, the Court has discretion to dismiss with or without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (*en banc*). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is

*pro se*. *See id*. at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. *Cato*, 70 F.3d at 1005-06.

After careful consideration, the Court finds that Plaintiff's allegations against Defendants cannot establish a plausible § 1983 claim and that amendment would accordingly be futile. Leave to amend should accordingly be denied.

## VII. CONCLUSION AND RECOMMENDATIONS

Plaintiff's Third Amended Complaint fails to state any cognizable claim. First, the claims in the Third Amended Complaint are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Second, even if the claims were not *Heck*-barred, the Third Amended Complaint does not state a cognizable claim for violation of the Fourth Amendment because Defendant's parole searches of Plaintiff's cell phones were authorized under California law and fall within the scope of searches allowed under the terms and conditions of Plaintiff's parole. Finally, leave to amend should be denied because Plaintiff's allegations cannot establish a plausible § 1983 claim and amendment would accordingly be futile.

Based on the foregoing,

1. The Court DIRECTS the Clerk of the Court to file the Third Amended Complaint, lodged on September 9, 2019 (ECF No. 13);
2. The Court RECOMMENDS that:
    a. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983; and
    b. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days**

after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 3, 2019**__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE