UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>Plaintiff,<br><br>v.<br><br>MEKISHA ROBERSON-BUYARD,<br><br>Defendant. | No. 1:19-cv-00235-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 16, 17, 19, 20) |

Plaintiff Kyle Petersen is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 4, 2019, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed for failure to state a claim upon which relief can be granted. (Doc. No. 16.) The findings and recommendations were mailed to plaintiff and contained notice that any objections thereto were to be filed within thirty days of service. (*Id.*)

On October 9, 2019, plaintiff filed a request, which the court construes as a motion for leave to file an amended complaint. (Doc. No. 19.) On October 15, 2019, plaintiff filed a second motion to amend, which the court also construes as a motion for leave to file an amended complaint. (Doc. No. 20.) No objections to the pending findings and recommendations, however, have been filed and the time in which to do so has now passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's motions for leave to file an amended complaint, the court finds the findings and recommendations to be supported by the record and by proper analysis.

As plaintiff has acknowledged may be the case, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In addition, because defendant's parole searches of plaintiff's cell phones were authorized by California law and fall within the scope of searches allowed under the terms and conditions of plaintiff's parole, plaintiff has not stated cognizable Fourth Amendment claims. *See United States v. Johnson*, 875 F.3d 1265, 1273-76 (9th Cir. 2017). Because plaintiff's proposed amendments would not remedy these deficiencies in his complaint's assertion of his claims, the granting of leave to amend would be futile will not be granted.[1]

Accordingly:

1. The findings and recommendations filed on October 4, 2019 (Doc. No. 16) are adopted in full;
2. Plaintiff's motions for leave to file an amended complaint (Doc. Nos. 19, 20) are denied;
3. This action is dismissed with prejudice due to plaintiff's failure to state any claims upon which relief may be granted; and
4. The Clerk of Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated: **December 16, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also failed to provide the Court with a copy of the proposed amended complaint as required under Local Rule 137(c), which requires a party to attach a proposed amended complaint as an exhibit to the motion seeking leave to amend).

2