UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE PETERSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MEKISHA ROBERSON-BUYARD,<br><br>    Defendant. | No. 1:19-cv-00235-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 23) |

Plaintiff Kyle Petersen is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 17, 2019, the court adopted in full the October 4, 2019 findings and recommendations issued by the assigned magistrate judge. (Doc. Nos. 16, 21.) In the order adopting the findings and recommendations, the court dismissed plaintiff's action for failure to state a claim. (Doc. No. 21.) The court also denied plaintiff's motions for leave to amend because he failed to demonstrate that an amended complaint could remedy the deficiencies identified by the court. (Doc. No. 21; *see also* Doc. Nos. 17, 19, 20.)

On June 17, 2020, plaintiff moved for reconsideration under Federal Rule of Civil Procedure 60(b). (Doc. No. 23.) Rule 60(b) governs the reconsideration of final orders of the district court and permits a district court to relieve a party from a final order or judgment for the

1

following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, typically "not more than one year after the judgment or order or the date of the proceeding." *Id.* Such a motion should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (noting that reconsideration should be granted "sparingly in the interests of finality and conservation of judicial resources"). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion", "what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

In his motion for reconsideration, plaintiff states that he never received the magistrate judge's findings and recommendations or the undersigned's order adopting those findings and recommendations and claims that, if he had, he would have requested an extension of time to file objections. (Doc. No. 23 at 1–2.) Plaintiff argues that those objections would have contested the

applicability of the *Heck* bar to this action and challenged the caselaw upholding warrantless searches of a parolee's cellphone. (*Id.* at 3.) *See, e.g.*, *United States v. Johnson*, 875 F.3d 1265 (9th Cir. 2017).

The court is unpersuaded by these arguments. First, plaintiff appears to argue that, even if this action were to succeed, the finding that he had violated the terms and conditions of his parole would not be invalidated under *Heck* because the finding that he had violated parole could still stand on the basis of a related but unspecified warrant from 2019. (Doc. No. 23 at 3.) However, the absence of any detail provided by plaintiff as to how this unspecified warrant would allow his parole violation to stand even if he were to prevail in this civil action provides the court with no basis to grant reconsideration on this point.

Second, even if the court agreed that *Johnson* was decided *after* plaintiff had committed some of the parole violations that serve as the basis for his current incarceration,[1] the law has long been clear that parolees have significantly diminished privacy interests compared to the average citizen. *See Samson v. California*, 547 U.S. 843, 850 (2006). In addition, state law expressly provides that all parolees shall be "subject to search or seizure by a probation or parole officer or other peace officer at any time of the day or night, with or without a search warrant or with or without cause." Cal. Penal Code § 3067(b)(3). Plaintiff also explicitly consented to the "announced or unannounced search and/or examination of any electronic devices to which you have access for the limited purpose of detecting content prohibited by your conditions of parole or the law." (Doc. No. 16 at 4.) *Cf. United States v. Lara*, 815 F.3d 605, 612 (9th Cir. 2016) (noting that the defendant had not accepted "as a condition of his probation a clear and unequivocal search provision authorizing cell phone searches"). Thus, plaintiff fails to state a cognizable constitutional claim. Reconsideration is therefore not warranted.

/////

/////

/////

---

[1] Plaintiff nonetheless concedes that at least one of those parole violations happened after *Johnson* was decided. (Doc. No. 23 at 3.)

3

1    Accordingly, plaintiff's motion for reconsideration (Doc. No. 23) is denied, and the court will entertain no further filings in this closed action.

IT IS SO ORDERED.

Dated: **July 13, 2020**

UNITED STATES DISTRICT JUDGE